UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

    CAROLE L. BOND,　　　　　　　　　　　　　　Case No. 14-21792-dob
          Debtor.　　　　　　　　　　　　　　　　　　　　　Chapter 7 Proceeding
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

OPINION REGARDING INTERIM APPLICATION FOR COMPENSATION
OF COLLENE K. CORCORAN, ATTORNEY FOR THE CHAPTER 7 TRUSTEE

Findings of Fact

Collene K. Corcoran (the "Trustee") was appointed the Chapter 7 Trustee in this case and correctly determined that she needed to hire an attorney. Since the issues in this estate involved real estate, of which the Trustee is knowledgeable, she decided to hire herself. As anticipated by the Debtor and Debtor's counsel, this case involved straightforward issues of the sale of some of the Debtor's property owned with her siblings and the division of those proceeds, such that the Debtor's creditors will be paid in full. In particular, the Debtor owned three such parcels of land and the Trustee was able, through the filing of an adversary proceeding, to convince the siblings that the sale of one parcel would be sufficient to pay the approximate $20,000.00 owed to unsecured creditors. The Trustee was able to procure a purchase agreement for the sale of the parcel, complete the sale, and receive approximately $91,000.00 to pay unsecured creditors, capital gains taxes resulting from the sale, and administrative expenses, with a surplus returned to the Debtor. By way of an Order of the Court dated April 10, 2015, the Trustee has already returned $35,000.00 to the Debtor and some additional funds may be returned as this case is closed.

The Trustee seeks $6,675.00 of fees and $24.99 of expenses in regard to her legal services rendered to the estate. The Trustee has listed the date, nature of services rendered, time spent, and total billable amount for each entry in her application. Each time entry is at the rate of $250.00 per hour.

In response, the Debtor has filed an objection to some, but not all, of the requested fees. The Debtor's objections are very specific and related to each entry and are summarized as follows:

    a. **08/20/2014: Review deeds and farm leases - 1.20 hours = $300.00**.

Prior to this date, the Trustee was provided with two deeds and three farm leases, as well as assessed value statements for the three parcels. The Trustee was also provided with contact information for the co-owners. Verifying this information from the deeds should have taken the Applicant 0.2 hours. There was no need to review the leases, as the Applicant was charged with bringing an action to force the sale of a parcel of real property. The review of leases was a duty of the Trustee and could not be done by the Applicant for compensation. 1.0 hours of this claim is objectionable. Debtor agrees that payment for 0.2 hour is permissible. Exhibit 1, p 4-12

    b. **09/05/2014: Prepare and file Motion to Extend Time to Assume/Reject Leases and Executory Contracts 1.30 hours = $325.00.**

It is a duty of the Trustee to assume or reject a lease. Obtaining an extension of the time allowed to make this decision is also a duty of the Trustee. The Applicant cannot do so for compensation. The entire 1.3 hours is objectionable. Exhibit 1, p 4-12

    c. **09/05/2014: Prepare stipulation re payment of filing fee from assets, send to Debtor Attorney 0.2 hours = $50.00**

This is a duty of the Trustee. The professional skills of the Applicant are not necessary to accomplish this task. The entire 0.2 hour is objectionable.

. . .

    e. **09/10/2014: Receipt of email correspondence from Debtor's Attorney concerning legal descriptions for real estate. 0.2 hour = $50.00.**

If the applicant had properly done item "a" above, the e-mail from Debtor's attorney regarding an error in the legal description contained in the adversary complaint would not have been necessary. The entire 0.2 hour is objectionable.

2

. . .

    g. **09/24/2014: Submit CNR and Order regarding Motion to Extend Time to Assume/Reject Leases and Executory Contracts. 0.2 hour = $50.00.**

This is a duty of the Trustee. The professional skills of the Applicant are not necessary to accomplish this task. The entire 0.2 hour is objectionable. Exhibit 1, p 4-12

. . .

    i. **11/26/2014: Discussion with Attorney Walton in Bay City re debtor's lack of funds, possibility of accepting deposit from buyer for property to be deducted from her proceeds at end of case. 0.3 hour = $75.00.**

This discussion dealt with the distribution of proceeds from the sale of the property, not the resolution of the Adversary Proceeding and therefore are part of the duties of the Trustee. The entire 0.3 hour is objectionable.

    j. **12/02/2014: Receive and review letter from Atty Thomas re revisions to purchase agreement. 0.2 hour = $50.00**.

This is a duty of the Trustee. The entire 0.2 hour is objectionable. Exhibit 1, p 4-14 to 4-18

    k. **12/03/2014: Receive and review appraisal of real estate from Attorney Thomas. 0.7 hour = $175.00.**

This is a task that should have taken no more than 0.2 hour. 0.5 hour of this is objectionable, and debtor agrees that payment for 0.2 hour is permissible.

    l. **12/10/2014: Discussion with S. Perry Thomas regarding revised Purchase Agreement, expediting proceedings, changes to legal description, and appraisal fee to be paid at closing. 0.4 hour = $100.00**
    **12/11/2014: TC to Atty Perry Thomas re obtaining title insurance, local title company Valley Title. 0.2 hour = $50.00.**

These two entries are duties of the Trustee. The professional skills of the Applicant are not necessary to accomplish these tasks. The entire 0.6 hour is objectionable. Exhibit 1, p 4-14 to 4-18

    m. **12/11/2014: Prepare Stipulation to Extend Deadlines, send to Debtor's attorney with update of case. 0.3 hour = $75.00**
    **12/12/2014: Receive and review email from Debtor attorney regarding executed stipulation and for a review of the purchase agreement. 0.2 hour = $50.00**

3

These two entries are duties of the Trustee. The professional skills of the Applicant are not necessary to accomplish these tasks. The entire 0.5 hour is objectionable. Exhibit 1, p 4-12

    n. **01/02/2015: Receive and review revised Purchase Agreement. 0.5 hour = $125.00.**

This is a duty of the Trustee. The professional skills of the Applicant are not necessary to accomplish these tasks. The entire 0.5 hour is objectionable. Exhibit 1, p 4-14 to 4-18

    o. **01/05/2015: Discussion with Accountant for the estate re capital gains taxes and proposed Motion to Sell Property. 0.3 hour = $75.00**
**01/05/2015: Research re capital gains for real estate sale. 1.0 hour = $250.00**
**01/06/2015: Prepare and file Application to Employ Accountant. 0.3 hour = $75.00**
These three entries are duties of the Trustee. The professional skills of the Applicant are not necessary to accomplish these tasks. The entire 1.6 hours are objectionable. If the Trustee determines the need for an accountant, it is the Trustee's duty to arrange for same. Exhibit 1, p 4-18 to 4-21

    p. **01/07/2015: Call to S. Perry Thomas re Amended Offer to Purchase. 0.2 hour = $50.00**
**01/07/2015: Telephone call to S. Perry Thomas re Amended Offer to Purchase. 0.2 hour = $50.00**
**01/08/2015: Execute Amended Offer, prepare Addendum to Offer to Purchase. 0.8 hour = $200.00**

These three entries are duties of the Trustee. The professional skills of the Applicant are not necessary to accomplish these tasks. The entire 1.2 hours are objectionable. Exhibit 1, p 4-14 to 4-18

    q. **01/08/2015: Prepare Motion to Sell Real Estate, file with Court. 1.9 hours = $475.00**
**01/27/2015: Receive and review Objections to Proofs of Claims 0.3 hour = $75.00**
**01/28/2015: Prepare and file Objection to Proof of claim no. 4, by Atty Alan Walton 1.0 hour = $250.00**
**02/02/2015: File CNR for Motion to Sell Real Estate, submit order. 0.2 hour = $50.00**
**02/03/2015 Telephone call from Jean Rooker, Community State Bank re case status and proof of claim. 02. hour = $50.00**
**02/05/2015: Telephone call from Holly at Mr. Thomas' office re**

**scheduling a closing with Valley Title. 0.2 hour = $50.00
02/09/2015: Telephone Call to Reputation First Title re ordering title commitment. 0.2 hour = $50.00
02/10/2015: Receive and review Debtor's Attorney's response to Objection to his claim. 0.4 hour = $100.00
02/10/2015: Research re allowance of post-petition attorney fees, 6th circuit opinion Rittenhouse and J Shefferly's opinion Slabbernick. 1.2 hours = $300
02/16/2015: Telephone call to Valley Title re closing on Thursday. 0.2 hour = $50.00
02/18/2015: Telephone call to Perry Thomas' office re changing time for closing. 0.2 hour = $50.00
02/18/2015: Travel to Flint to obtain copy of certified order approving sale. 1.2 hour = $300.00
02/18/2015: Receive and review closing documents. 0.8 hour = $200.00
02/19/2015: Prepare Trustee's Deed. 0.5 hour = $125.00
02/19/2015: Travel to and attend closing at Valley Title, Caro, MI. 3.5 hours = $875.00**

These 16 entries are duties of the Trustee. The professional skills of the Applicant are not necessary to accomplish these tasks. The entire 12.2 hours are objectionable. Exhibit 1, p 4-14 to 4-18, 4-26

. . .

    s. **02/20/2015: Telephone call to Atty Thomas' office re obtaining signed deed from client Beverly Kosik. 0.2 hour = $50.00.**

This is a duty of the Trustee. The professional skills of the Applicant are not necessary to accomplish this task. The entire 0.2 hour is objectionable. Exhibit 1, p 4-14 to 4-18

    t. **02/20/2015: Prepare interim fee application. 1.0 hour = $250.00**.

Approximately 80% of the entries are objectionable. Therefore only 20% of this amount (0.2 hour) should be allowed. 0.8 hour is objectionable. The Debtor agrees that payment of 0.2 hour is permissible.

The Court has excluded some of the Debtor's responses as those responses merely agree that some of the attorney fees are reasonable. The Debtor agrees that fees of $1,175.00 are appropriate, constituting 4.7 hours at the rate of $250.00 per hour. Likewise, the $24.99 of expenses are not in dispute.

In support of her objection, the Debtor cites portions of the Handbook for Chapter 7 Trustees Effective October 1, 2012(the "Handbook"). Relevant portions of the Handbook include:

> e. **SUPERVISION OF PROFESSIONALS**
>
> It is critical that the trustee oversees the work performed by professionals and exercises appropriate business judgment on all key decisions. The trustee must actively supervise estate professionals to ensure prompt and appropriate execution of duties, compliance with required procedures and reasonable and necessary fees and expenses. 28 U.S.C. § 586, 28 C.F.R. § 58.6(a)(7).
>
> . . .
>
> f. **TRUSTEE AS ATTORNEY OR ACCOUNTANT FOR THE ESTATE**
>
> A trustee, with court approval, may act as an attorney or accountant for the estate, if such employment is in the best interest of the estate. 11 U.S.C. § 327(d). A trustee must be sensitive to the best interest of each individual estate and any conflict of interest problems that may be posed by acting as an attorney or accountant for the estate. 11 U.S.C. § 327. The trustee may not be employed as counsel or accountant to provide services that a trustee could perform without professional assistance.
>
> . . .
>
> If a trustee acts as the trustee's own attorney or accountant, detailed time records of the tasks performed as attorney or accountant must be maintained. A trustee acting as attorney or accountant under section 327(d) may receive compensation only for services performed in that capacity and not for the performance of regular trustee duties. 11 U.S.C. § 328(b).
>
> The demarcation of the roles of the trustee and the professional must be made to ensure that an estate incurs only appropriate costs for administration. The cost of administration and its financial effect upon creditors demand careful scrutiny of the trustee's application to employ themselves or others. Abuses in the process of a trustee serving dually as attorney or accountant may be the basis for suspension or removal from the panel.
>
> Attorneys and accountants shall not be compensated for performing the statutory duties of the trustee. 11 U.S.C. § 704, Fed. R. Bankr. P. 2015(a). The following list includes examples of services considered

6

to fall within the duties of a trustee:

1) preparing for and examining the debtor at the meeting of creditors in order to verify factual matters;

2) Examining proofs of claim and filing routine objections to the allowance of any claim that is improper;

3) Investigating the financial affairs of the debtor;

4) Furnishing information to parties in interest on factual matters;

5) Collecting and liquidating assets of the estate by employing auctioneers or other agents and soliciting offers;

6) Preparing required reports;

7) Performing banking functions; and

8) In appropriate cases, filing applications for employment of professionals and supervising those professionals.

The aforementioned trustee duties are not compensable as legal or accounting services unless sufficiently documented to show that special circumstances exist.

The Court heard oral argument regarding the Trustee's application on April 9, 2015. At this hearing, the Trustee informed the Court that her statutory trustee fee is not based on the entire $91,000.00 received by her, but instead on a lesser amount. Accordingly, one of the objections raised by the Debtor, namely that the combination of the attorney fees and trustee fees would total approximately $15,000.00, is incorrect at this time.[1] After the close of oral arguments, the Court took this matter under advisement.

## Jurisdiction

---

[1] Accordingly, the Court will not address this issue further unless and until the Trustee's final report indicates that the Trustee's statements on April 10, 2015, were incorrect. If so, the Court will revisit the issue of the trustee fees as that appears to be the more appropriate application to consider that issue.

7

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

The issues in this matter arise from Title 11 of the United States Code and do not involve any matter which limits this Court's jurisdiction as detailed by the United States Supreme Court in *Stern v. Marshall*, ---- U.S. ----, 131 S. Ct. 2594, 2608, 180 L.Ed.2d 475 (2011), and later by the United States Supreme Court in *Executive Benefits Ins. Agency v. Arkison*, 134 S. Ct. 2165 (2014). *See also Waldman v. Stone*, 698 F.3d 910 (6th Cir. 2012).

## Applicable Law

Section 330 provides the starting point for Court consideration of fee applications, stating that the Court may award "reasonable compensation for actual, necessary services rendered . . . ." and may award "reimbursement for actual necessary expenses." Section 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 330(a)(4) prohibits the Court from allowing compensation for:

(i) unnecessary duplication of services; or

(ii) services that were not–
   (I) reasonably likely to benefit the debtor's estate; or
   (II) necessary to the administration of the case.

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

## Analysis

The $250.00 per hour rate charged by the Trustee in this case is reasonable under these circumstances. The Debtor does not object to fees at this rate and, as the Trustee stated on April 9, 2015, her hourly rate is among the lowest rates for attorneys that she routinely hires. The Court finds that the $250.00 per hour rate charged by the Trustee is reasonable in this case.

Turning to the issue of the number of hours, the Court addresses each contested entry as follows:

### 08/20/2014

The Debtor contests that the Trustee needed to look at the underlying farm leases for the property in question because this property was clearly going to be sold. While that may be true, provisions of the lease could effect the marketability of the land. While the Court has considered the Debtor's argument that only one parcel needed to be sold and that the potential purchaser was lined up when this case was filed, the Debtor had been unable to procure the agreement of her

9

siblings to sell this property. While hindsight would show that this case involved a relatively routine and straightforward sale of real estate, this was not known when the Trustee reviewed the farm leases. Given that only 1.0 hour appears to be attributed to this exercise, the Court overrules the Debtor's objection and allows the entire 1.2 hours.

09/05/2014

The Debtor argues that it is the duty of a Trustee to assume or reject a lease. While the Bankruptcy Code grants the Trustee that right, some legal action must be taken to exercise that right. The Handbook does not give the example of assuming or rejecting a lease as the type of service that is considered to fall within the duty of a Trustee. Also, as previously stated, at this point in the case, the Trustee did not have the benefit of hindsight to know that the sale would go as smoothly as it did. Accordingly, the Court overrules the Debtor's objection and allows 1.3 hours for this entry.

09/05/2014

Given the Debtor's financial position, she was unable to pay the filing fee when this case was filed. As the Trustee has done in a number of cases, she arranged to have the filing fee paid from the estate. The Court agrees with the Debtor that this entry is a duty of the Trustee. Alternatively, the Court finds that the services rendered by an attorney are not beneficial for the estate. The Court sustains the Debtor's objection and will not allow 0.2 hours for this service.

09/10/2014

The Debtor argues that there was an incorrect legal description, which was caused by Ms. Corcoran as an attorney. As this appears to be correct, the Court will not allow compensation of 0.2 hours for $50.00.

09/24/2014

The Debtor argues that the submission of a CNR and Order is a duty of the Trustee and

should not be compensated whatsoever. While the Court disagrees with the Debtor's argument because this type of service is often seen rendered by a law firm, the Court notes that this service is clerical in nature and not compensable at the hourly rate for an attorney. Accordingly, the Court will not allow recovery of $50.00 for this service, but reserves the right of the attorney for the Trustee to recover this service at a clerical rate in a later application.

11/26/2014

These services result from the Debtor's unique financial stress and her need for immediate funds. While a closer question than in other instances, the Court will allow the award of the fees requested by the attorney for the Trustee as it appears to the Court that this is a mixed issue of duties between the Trustee and the attorney for the Trustee. By way of example, had the Trustee retained outside counsel, the Court would undoubtedly compensate that counsel for some services rendered regarding this issue. Here, since the attorney and the Trustee are the same individual, there is no need for additional communication back and forth. In addition, since the Debtor was the one who had the severe financial stress, coupled with the possibility of surplus funds, this type of conversation occurs infrequently and must be addressed on a case-by-case basis.

12/02/2014, 12/03/2014, 12/10/2014, and 12/11/2014

The Debtor generally objects to recovery for these types of services as being duties of the Trustee, rather than as attorney for the Trustee, or, in some instances, claims that less time should be spent for each service. After closer examination, the Court concludes that these services were necessary under these circumstances in that the details of a purchase agreement still had to be resolved, as well as the details of completing the sale. Moreover, the time spent on each entry does not appear excessive, so the Court overrules the Debtor's objections and allows the recovery of all of the fees requested in these entries.

12/11/2014, 12/12/2014, and 01/02/2015

The services described in these entries involve the adversary proceeding, communication with Debtor's attorney, and continuation of work necessary to complete the sale of the real estate. The Court finds that these services are not the duty of a Trustee and overrules the Debtor's objection.

01/05/2015 and 01/06/2015

These services involve a determination as to whether the services of an accountant are necessary and the employment of an accountant. As Debtor's counsel explained on April 9, 2015, the determination of the cost basis of the real estate, which involves the stepped up basis that a seller may use when property is inherited, coupled with the possible exemption from taxation of a portion of these proceeds, creates some unique tax issues. Given these issues, it would be appropriate for an attorney to first have to look at this issue to determine if an accountant was needed and then conclude an accountant's services are needed. Perhaps more problematic is the service regarding the preparation and filing of an application to employ an accountant, which appears to fall squarely within subsection (8) of the Handbook, which defines the duty of a trustee to include "In appropriate cases, filing an application for employment of professionals and supervising those professionals." As also noted, "The aforementioned trustee duties are not compensable as legal or accounting services unless sufficiently documented to show that special circumstances exist." Here, the Court concludes, by a closer margin than usual, that these services fall within the category of either an "appropriate case" or that "special circumstances exist." In particular, the Court finds it persuasive that the unique nature of this property, which was co-owned with siblings and inherited, coupled with the division of the proceeds and the attendant capital gains treatment, required some determination that accounting services were needed. In addition, the Court has seen in many cases

where an attorney, quite often the Trustee herself, files the application for an accountant because accounting firms often do not have the necessary skill or access to the Court's electronic filing system to file these applications in their own right. Finally, the Court finds that the 0.3 hours attributed to the preparation and filing of the application are fair and reasonable in these limited circumstances.

01/07/2015 and 01/08/2015

The Debtor argues that these services are duties of the Trustee, but the Court finds that these services are all related to the sale of the property and the necessary follow-up to make sure the sale was completed. Accordingly, the Court overrules the Debtor's objections and allows these fees.

01/08/2015 - 02/19/2015

The Debtor has lumped 16 entries in her objection under subsection (q) and argues that these services are duties of the Trustee and that professional skills of an attorney are not necessary to accomplish these tasks. For the most part, the Court disagrees with the Debtor's characterization of these services and instead finds that these services were necessary for the completion of the sale within the duties of an attorney. There are, however, certain entries that the Court notes and will adjust accordingly:

01/27/2015

The Handbook defines duties of a trustee to include "examining proofs of claim and filing routine objections to allowance of any claims that is improper." This entry appears to be related to these duties and therefore falls within the definition of a Trustee's duty. The Court sustains the Debtor's objection and disallows 0.3 hours totaling $75.00.

01/28/2015 and 02/10/2015

These services involve the claim by Debtor's counsel for payment of post-petition fees,

including the objection to the proof of claim and the research to support the objection to the proof of claim. The Court notes that the Handbook defines duties of a Trustee to include "examining proofs of claim and filing routine objections to the allowance of any claim that is improper," but further notes that the request by Debtor's counsel was extraordinary in that established case law, especially *Rittenhouse v. Eisen (In re Rittenhouse),* 404 F.3d 395 (6th Cir. 2005), prohibited the payment of these fees. While the Court understands and respects the Debtor's need for additional funds, coupled with the attendant cost upon Debtor's counsel to provide these services with the payment at a much later date, the method chosen by Debtor's counsel to obtain these funds was not proper and had to be addressed by the Trustee. As such, the Court finds that these objections were not routine objections and instead required the services of an attorney. Accordingly, the Court overrules the Debtor's objections to these entries.

02/02/2015

For the reasons stated in a previous entry, the Court finds that the filing of a CNR is a clerical act and should not be compensated at an attorney rate. As previously stated, the Court will allow the Trustee to request compensation for these services at a clerical rate in a subsequent application.

02/03/2015

Per the Trustee Handbook, "furnishing information to parties in interest on factual matters" is a duty of a trustee. It appears to the Court that this entry fits squarely within the definition of a duty of a trustee and will therefore not be allowed.

02/18/2015

Debtor's counsel argued at the April 9, 2015, hearing that the Trustee should not be compensated for obtaining a certified copy of an order approving the sale. The Court agrees in part

14

and disagrees in part with the Debtor's contention. While a certified copy of the order was needed, the Court does not see the need to have an attorney acquire the certified copy, but will allow for the recovery of this service at a clerical rate. In reaching this conclusion, the Court does note that the Trustee routinely comes to Flint, Michigan to conduct first meeting of creditors, but the timing here could have been such that she was not able to obtain a certified copy of the Court order as a routine matter.

02/19/2015

The Debtor argues strenuously that an attorney did not need to attend the closing that consummated the sale of this parcel. The Court has carefully considered whether the Trustee or the attorney for the Trustee needed to attend the real estate closing and concludes that the unique circumstances of a case provide the answer for that question. In many instances, no personal presence at a closing is needed. In others, such as this case, the Court sees the need to have someone attend the closing to insure that all requirements are met. Here, given the other co-owners of the property, coupled with the bankruptcy aspects, combined with the adversary proceeding, the Court concludes that the Trustee should have a representative at the closing and that the Trustee correctly determined that an attorney should attend. While again hindsight may show that an attorney was not needed, it is foreseeable that title issues could have arisen that required an attorney to clarify any issues and allow closing to continue. Here, the actual sale price was in the hundreds of thousands of dollars and clearly warranted additional attention with all of the special circumstances that were involved here. The Court declines to second guess the Trustee's decision to attend as an attorney at closing.

02/20/2015

15

The Debtor objects to the attorney following up with a telephone call to obtain the signed deed from a party. The Court finds that this is the type of service one would expect an attorney to perform and overrules the Debtor's objection.

<u>02/20/2015</u>

The Debtor objects to the attorney recovering 1.0 hours of time to prepare the Interim Fee Application and argues that since 80% of the entries are objectionable, then only 20% of the time spent to prepare a fee application should be awarded. First, the Court disagrees with the Debtor's objections in many cases, such that the 80/20 division is inapplicable. Second, the nature of the fee application, coupled with all of the necessary and attendant exhibits, often require more than 1.0 hour to prepare, but this Court has routinely allowed 1.0 hour for this service. Finally, after close examination of the instant application, the Court finds that it is reasonable for an attorney to spend 1.0 hour to prepare a fee application even for those services that the Debtor objected to and the Court sustained. The Court therefore allows the recovery of 1.0 hour of time and $250.00 for this service.

The Court concludes that the Debtor's objections are sustained as to 0.9 hours totaling $225.00. The Court also concludes that 1.6 hours totaling $400.00 involving clerical services are not allowed, but that the Trustee may renew her application for payment of these services at a clerical rate at a later date. After deducting these amounts, the Court allows attorney fees of $6,050.00 and expenses of $24.99.

Applicant may file an order consistent with this Opinion and the presentment of order procedures of this Court.

**Signed on May 08, 2015**

                                                                   /s/ Daniel S. Opperman
                                                                   **Daniel S. Opperman**
                                                                   **United States Bankruptcy Judge**