UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION - BAY CITY

IN RE:

CAROLE L. BOND,  Case No. 14-21792-dob
    Debtor.  Chapter 7 Proceeding
                                                      Hon. Daniel S. Opperman
_____/

OPINION REGARDING FINAL FEE APPLICATION OF
COLLENE K. CORCORAN, ATTORNEY FOR CHAPTER 7 TRUSTEE

Introduction

Collene K. Corcoran (the "Trustee") was appointed the Chapter 7 Trustee in this case and decided to hire herself as an attorney. The Court issued an Opinion in this case regarding the Trustee's actions and, for sake of brevity, incorporates the Findings of Fact in the May 8, 2015, Opinion of this Court for purposes of this Opinion as well.

Findings of Fact

Collene K. Corcoran was appointed the Chapter 7 Trustee in this case and correctly determined that she needed to hire an attorney. Since the issues in this estate involved real estate, of which the Trustee is knowledgeable, she decided to hire herself. As anticipated by the Debtor and Debtor's counsel, this case involved straightforward issues of the sale of some of the Debtor's property owned by her siblings and the division of those proceeds, such that the Debtor's creditors will be paid in full. In particular, the Debtor owned three parcels of land and the Trustee was able, through the filing of an adversary proceeding, to convince the siblings that the sale of one parcel would be sufficient to pay the approximate $20,000.00 owed to unsecured creditors. The Trustee was able to procure a purchase agreement for the sale of the parcel, complete the sale, and receive

1

approximately $91,000.00 to pay unsecured creditors, capital gains taxes resulting from the sale, and administrative expenses, with a surplus returned to the Debtor. By way of an Order of the Court dated April 10, 2015, the Trustee has already returned $35,000.00 to the Debtor and an additional $5,000.00 was ordered returned on October 14, 2015.

The present issue before the Court is the Final Fee Application of the Trustee (the "Application") in the amount of $3,750.00 and expenses of $19.18. The Debtor has filed an objection to the Trustee's attorney fees. The Debtor's objections are specific and may be stated as follows:

> a. Completion of the real estate transaction - 0.9 hour = $225.00
>
> 03/10/2015: Telephone call to Perry Thomas re deed - 0.2 hour = $50.00
> 03/12/2015: Correspondence from S. Perry Thomas re deed from B. Kosik - 0.1 hour = $25.00
> 03/12/2015: Telephone Call from Holly at S. Perry Thomas' office re obtaining deed from B. Kosik - 0.2 hour = $50.00
> 03/17/2015: Correspondence from S. Perry Thomas - 0.2 hour = $50.00
> 03/18/2015: Receipt of executed closing documents from Beverly Kosik - 0.2 hour = $50.00
>
> As discussed in Debtor's Objection to the interim fee application, these are routine/clerical tasks associated with the completion of the real estate transaction that had closed in escrow pending receipt of signed documents from Beverly Kosik. Debtor contends that these entries are a duty of the trustee, which does not require the services of an attorney to complete.
>
> b. Objection Claim 4 - 4.2 hours (includes over 3 hours of travel) = $1050.00:
>
> 03/12/2015: Travel to Bay City and attend hearing for Objection to Claim no. 4 - 4.0 hours = $1000.00
> 03/13/2015: Prepare proposed Order re denying Claim no. 4 - 0.2 hours = $50.00
>
> While the court found this issue to be extraordinary enough to require the services of an attorney, the hearing on this matter lasted approximately 20 minutes. Had this matter been assigned to one of the local trustees, who then hired himself in his capacity as an attorney, the travel time to and from the courthouse would have been minimal. Instead, the Debtor is disadvantaged by the decision of the U.S. Trustee

to assign a distant trustee who then opted to hire herself, rather than local counsel. The Debtor believes the court should disallow the request for travel time to and from the courthouse, or limit same to a reasonable amount.

c. Debtor's Motion to Compel Turnover of Funds - 1.1 hours = $275.00

03/09/2015: Receipt of Notice of Hearing for Debtor's Motion to Abandon - 0.1 hour = $25.00
03/19/2015: Prepare and file Trustee's Objection to Debtor's Motion to Abandon - 1.0 hour = $225.00

The trustee was well aware that there would be a surplus to be paid to the Debtor. As the court noted in its analysis, if all possible prospective expenses, including income tax liability, went against the Debtor's favor, she would still be entitled to the $35,000 that the court granted. On March 12, 2015, prior to the objection hearing on claim #4, the trustee offered to advance $5,000 of the expected surplus, provided that the Debtor withdraw her objection to the Interim attorney fee request. The administration of funds is clearly a duty of the trustee, and defending her decision to withhold excess funds from the Debtor did not require the services of an attorney. In addition, the use of an attorney to defend that decision in no way benefitted the estate. Quite the contrary, the trustee is, in essence, billing the Debtor for exercising her rights to the surplus funds. This entire fee should be disallowed.

Combined billing for c. above and d. below - 5.5 hours (includes over 3 hours of travel) = $1375.00;

03/07/2015: Receive and review Motion to Compel Turnover, and Objection to Interim Application - 1.0 hour = $250.00
04/08/2015: Prepare for hearing on Motion to Abandon and Objection to Attorney Fee Application - 0.5 hour = $125.00
04/09/2015: Travel to Court, attend hearings on Motion to Abandon and Attorney Fee Objection - 4.0 hours = $1000.00

For the reasons stated above and below, all of these fees should be disallowed.

d. Debtor's Objection to Interim Fee Application of the Attorney for the Trustee - 1.0;

05/08/2015: Receipt of Court's Opinion re First Interim Fee Application - 0.4 hour = $100.00
05/11/2015: Prepare and send proposed Interim Fee Order to Attorney Walton for approval - 0.2 hour = $50.00
05/13/2015: Prepare 7 Day Notice for entry of Order Approving Fee Application, file with Court - 0.3 hour = $75.00

05/15/2015: Receipt of executed stipulation re approval of Order Granting Interim Fee Application - 0.1 hour = $25.00

Baker Botts L.L.P. v. ASARCO LLC, a Supreme Court decision issued in June 2015 (Exhibit 3), holds that 11 USC 330(a)(1) does not permit bankruptcy courts to award fees to § 327(a) professionals for defending fee applications. All of these activities are not compensable and should be disallowed.

e. Responding to Debtor's direct complaints - 1.3 hours;

06/26/2015: Receive and review letter from Debtor filed with Court June 26, 2015 - 01. Hour = $10.00
07/14/2015: Telephone call from Debtor re status of case, and why case cannot close yet - 0.2 hour = $50.00
07/20/2015: Correspondence from Attorney Grievance Commission, Prepare response with exhibits - 1.0 hour = $250.00

The trustee Handbook specifically enumerates trustee duties, one of which is to furnish information to parties in interest on factual matters. To the extent the trustee had communication with the Debtor, she had to have been acting in her role as trustee (to have done so in her role as attorney, would have been an ethics violation since Debtor is represented). In addition, as an attorney, the trustee has a duty to respond to the Attorney Grievance Commission. Such a response is of no value to the estate, and the Debtor's surplus should not be eroded simply because the Debtor felt the attorney had acted improperly.

f. Prepare fee application - 1.0 hour

07/30/2015: Prepare Final Fee Application - 1.0 hour = $250.00

As noted in the court's decision on the interim fee application (docket 77), the court deferred addressing the Debtor's concern that attorney fees and trustee fees would exceed $15,000.00. Based on the information in this application, combined with the prior fee approval, the trustee has managed to stay just below that figure. However, since the total of allowed unsecured claims is $18,402.50, the Debtor still believes the trustee has overstepped her attorney role and charged the estate for activities normally compensated through the trustee's statutory fee, which the Debtor ask the court to reduce accordingly.

4

The Court heard oral argument regarding the Application on August 27, 2015, and took this matter under advisement.

## Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334, and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) (matters concerning the administration of the estate).

## Applicable Law

Section 330 provides the starting point for Court consideration of fee applications, stating that the Court may award "reasonable compensation for actual, necessary services rendered . . . ." and may award "reimbursement for actual necessary expenses." Section 330(a)(3) provides, in relevant part:

> In determining the amount of reasonable compensation to be awarded . . . the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services where performed within a reasonable amount of time commensurate with the complexity, importance and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

Section 330(a)(4) prohibits the Court from allowing compensation for:

> (i) unnecessary duplication of services; or
> (ii) services that were not–
> (I) reasonably likely to benefit the debtor's estate; or
> (II) necessary to the administration of the case.

5

The lodestar method is to be utilized in awarding fees under Section 330. *Boddy v. United States Bankruptcy Court, Western District of Kentucky (In re Boddy)*, 950 F.2d 334 (6th Cir. 1991). The lodestar method of fee calculation multiplies the attorney's reasonable hourly rate by the number of hours reasonably expended. *Id*. at 337. The *Boddy* Court further held:

> The bankruptcy court also may exercise its discretion to consider other factors such as the novelty and difficulty of the issues, the special skills of counsel, the results obtained, and whether the fee awarded is commensurate with fees for similar professional services in non-bankruptcy cases in the local area. In many cases, these factors will be duplicative if the court first determines the lodestar amount because the lodestar presumably subsumes all of these factors in its analysis of the *reasonable* hourly rate and the *reasonable* hours worked.

*Id*. at 338 (citations omitted).

## Analysis

The $250.00 per hour rate charged by the Trustee in this case is reasonable under these circumstances. The Debtor does not object to fees at this rate and, as the Trustee stated on April 9, 2015, and August 27, 2015, her hourly rate is among the lowest rates for attorneys that she routinely hires. The Court finds that the $250.00 per hour rate charged by the Trustee is reasonable in this case.

As to the specific entries objected to by the Debtor, the Court addresses each entry as follows:

a. Completion of the real estate transaction

The Trustee seeks an award of $225.00 for services rendered to complete the real estate transaction in this case. The Court finds that these services involved more than routine or clerical tasks in that each service involves telephone calls or letters to counsel regarding the transaction. The last entry of 03/18/2015 indicates that the Trustee only received the closing documents with no review. Accordingly, the Court does not allow fees of $50.00 for that entry.

b. Objection to Claim 4

The Debtor is correct in that she was disadvantaged by the decision of the United States Trustee's office to assign this case to Ms. Corcoran. Likewise, the Trustee was disadvantaged by having to travel further than her normal area to handle these cases. Regardless, an attorney for the Trustee would have needed to have prepared for and attended the hearing on the objection to claim. Accordingly, the Court will allow 2 hours of travel for the hearing and 0.2 hours to prepare the order denying the claim, but will disallow travel of 1 hour, resulting in a reduction of $250.00.

c. Debtor's Motion to Compel Turnover of Funds

This issue was before the Court because neither the Trustee or the Debtor could agree on an amount of surplus funds that could be immediately disbursed to the Debtor. As such, the Court concluded that more funds could be released to the Debtor than the Trustee recommended, but that fewer funds would be released to the Debtor than what the Debtor thought appropriate. Given the significant legal and tax issues regarding the funds held by the Trustee, the Court deems it appropriate and necessary for the Trustee to respond to the Debtor's Motion to Abandon and therefore overrules the Debtor's objections for these services.

d. Debtor's Objection to Interim Fee Application of the Attorney for the Trustee

As stated by the Debtor, the United States Supreme Court in *Baker Botts L.L.P. v. ASARCO LLC*, ----U.S.----,135 S.Ct. 2158, 2169, 192 L.Ed.2d 208 (2015), held that the award of attorney fees in regard to the defense of fee applications is prohibited. Accordingly, the Court sustains the Debtor's objection and will not award $250.00 in fees as requested by the Trustee.

e. Responding to Debtor's direct complaints

The Debtor argues that services rendered by the Trustee in regard to responding to her inquiries and responding to a grievance filed by the Debtor with the Attorney Grievance

7

Commission should not be compensated. The Debtor argues that the Trustee was under a duty to respond to the Attorney Grievance Commission and that there was no benefit for the estate for her response to the Attorney Grievance Commission.

At oral argument, the Court inquired as to the effect that would occur if the Court did not allow for compensation in situations such as this when a debtor felt that she was improperly treated. In particular, the Court inquired as to whether the denial of fees in this situation would send a message to debtors that any debtor may gain leverage by filing a grievance with the Attorney Grievance Commission and thus have a chilling effect on the administration of an estate by either a panel Trustee, all of whom are licensed attorneys in this district and division, as well as attorneys for the Trustee. While counsel commented upon this possibility, the Court finds these comments to be unpersuasive. Moreover, the Court notes that the amount at issue here, namely $250.00, is minimal and could have been avoided completely had the Debtor been more patient.

In contrast, the Court does see the merit in the Debtor's argument that the Trustee or Trustee's counsel should not receive the benefit of having her fees paid if the Trustee or Trustee's counsel acted improperly. As such, the Court concludes that this issue is better left on a case-by-case basis so that the Court may, in the proper case, not award attorney fees if there is an improper action by the Trustee or Trustee's counsel, but also allow attorney fees if the debtor's actions were unfounded. Here, the Court concludes the latter is the case and will overrule the Debtor's objection and allow the award of all of the attorney fees in this subcategory.

f. Prepare fee application

The Debtor objects that the majority of the entries or not compensable and therefore it is unreasonable to charge 1.0 hour for the instant fee application. After careful consideration, the Court concludes that the attorney for the Trustee did indeed devote 1.0 hour to prepare the fee

8

application for all entries that were compensable. Accordingly, the Court overrules the Debtor's objection to this entry.

## Conclusion

In conclusion, the Court sustains the Debtor's objections to those entries in which the attorney fees total $550.00. The Court overrules the remaining objections of the Debtor and awards attorney fees of $3,250.00 and expenses of $19.18.

**Signed on October 27, 2015**

                                         **/s/ Daniel S. Opperman**
                                         **Daniel S. Opperman**
                                         **United States Bankruptcy Judge**